UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WEI WU AND XIAOYAN GU, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:08CV672 CDP |
| ) | |
| RYDER TRUCK RENTAL, INC, ) | |
| et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiffs Wei Wu and Xiaoyan Gu filed this lawsuit in Missouri state court alleging state-law claims against several defendants. Defendant Ryder Truck Rental, Inc. removed the case on diversity grounds. Both plaintiffs are citizens of China. Defendant Ryder is a citizen of Florida, but defendant Da Hua Hu is a citizen of Canada. Diversity of citizenship does not exist, because there is no citizen of an American "State" on the plaintiffs' side of the case. The suit is brought by foreign plaintiffs against both foreign and domestic defendants, and the diversity statute does not confer jurisdiction in this circumstance. I will therefore remand the case to the Circuit Court for the City of St. Louis, from which it was removed.

## **Discussion**

This federal court is a court of limited jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), grants jurisdiction over cases where the matter in controversy is greater than $75,000 and the dispute is between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." Thus, there is no explicit grant of jurisdiction in a case where one side consists of only citizens of a foreign state and the other side consists of both citizens of a state and of a foreign state. If the foreign plaintiffs had sued only the American defendants, the case would fit within category (2), and if there were an American citizen plaintiff in addition to the foreign plaintiffs against these same defendants, then it would fit within category (3). Neither of those things is present, however, and I lack jurisdiction over this case.

This is a plain reading of the words of the statute. Several recent cases are directly on point, although the rule itself is not new. In *Lee v. ANC Car Rental Corp.*, 220 Fed. Appx. 493, 2007 WL 295498 (9th Cir. Jan. 29, 2007), the Ninth Circuit applied the rule to find diversity lacking where Korean plaintiffs had sued

defendants who were citizens of Korea, Florida, Delaware and Michigan.  In *U.S. Motors v. General Motors Europe*, 519 F.Supp. 2d 671 (E.D. Mich. 2007), there was no diversity jurisdiction where plaintiffs were citizens of Florida, Iowa, Michigan, the Czech Republic, Slovakia and the Netherlands and defendant was a citizen of Switzerland.  *Accord Chadwick v. TKO Records*, 2004 WL 885820 (S.D.N.Y. April 20, 2004) (no diversity jurisdiction where plaintiffs are citizens of Idaho, the United Kingdom, Nevada, and Michigan and defendant is citizen of United Kingdom); *Chiu v. Mann*, 2003 WL 716247 (N.D. Cal. Feb. 24, 2003)(no diversity jurisdiction where plaintiff is citizen of Canada and defendants are citizens of California and Canada).

The cases cited above are directly on point with this case, where the only plaintiffs are aliens and where the defendants are a mix of aliens and citizens.  Many other cases recognize this same rule, although their fact patterns differ.  In *Universal Licensing Corp. v. Paola Del Lungo S.P.A.*, 293 F.3d 579 (2nd Cir. 2002), the Second Circuit agreed that diversity was lacking where a Korean plaintiff had sued two Italian defendants and unspecified others.  The court stated: "However, diversity is lacking within the meaning of these sections where the only parties are foreign entities or *where on one side there are citizens and aliens and on the opposite side there are only aliens."*  293 F.3d at 581 (emphasis added).  In

*Nike, Inc. v. Comercial Iberica de Exclusiva Deportivas, S.A.*, 20 F.3d 987 (9th Cir. 1994) the Ninth Circuit found that a Bermuda subsidiary of Nike had collusively assigned its claim to Nike (a citizen of Oregon) in order to avoid the rule when it sued a group of foreign defendants. *Craig v. Atlantic Richfield Co,*, 19 F.3d 472 (9th Cir. 1994) was a Jones Act case where diversity jurisdiction was urged as an alternative basis for a jury trial. Plaintiff argued that she was a citizen of Panama, rather than California, but the court held that even if that were true diversity was lacking because defendants included both foreign and California citizens. *Id*. at 476.

Defendants rely on *Tango Music, LLC v. Deadquick Music, Inc*., 348 F.3d 244, 245 (7th Cir. 2003), but they are misinterpreting the holding of that case. *Tango* stands for the proposition that having citizens of the same foreign state on both sides of a case will not defeat diversity if there are diverse American citizens on both sides of the case. The language relied on by defendants, "the presence of foreigners on both sides of a diversity case does not destroy diversity," is an incomplete statement of the law, even as discussed in *Tango* (which was a suit brought by a New Jersey citizen that also held United Kingdom citizenship against defendants who were New York, Delaware, and United Kingdom citizens. *See also Peninsula Asset Management (Cayman) Ltd. v. Hankook Tire Co., Ltd.*, 509

F.3d 271, 272-73 (6th Cir. 2007) (diversity jurisdiction lacking in suit between Grand Cayman plaintiff and Korean defendants).

Defendants also argue that the 1988 amendments to the diversity statute changed the law to mean that the term "State" as used in § 1332 now applies to both foreign states and states within the United States. Defendants argue that China is a state, Canada is a state, and Florida is a state, and that, therefore, complete diversity exists. Aside from the obvious point that this interpretation renders subsections (a)(2) and (a)(3) of 28 U.S.C. § 1332 meaningless, the argument is contrary to both the plain language of the statute and all the post-1988 case law applying the diversity statute to foreign citizens, such as the cases cited above. Throughout Chapter 85 of Title 28, which are the sections of the law dealing with the jurisdiction of district courts, the term "foreign state" is used to refer to foreign states, but the word "State" is used to refer to states within the United States. Additionally, section 1332(e) clarifies that "State" is referring to American citizens by saying: "The word 'States' as used in this section includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico." 28 U.S.C. § 1332(e). Defendants' argument is frivolous.

Plaintiffs in this case are both foreign citizens, and at least one defendant is a foreign citizen. Therefore, diversity is lacking, and I do not have jurisdiction

under 28 U.S.C. § 1332. I will remand this case to state court.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Grimmway Enterprises, Inc.'s motion to join in Ryder's memorandum in opposition [#9] is granted.

**IT IS FURTHER ORDERED** that plaintiffs' motion to remand [#4] is granted, and the Clerk of Court shall remand this matter to the Circuit Court of the City of St. Louis, Missouri, from which it was removed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2008.